SUSAN E. CHAPIN *vs.* MARDIROS M. STONE.

MAY 19, 1911.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Newly Discovered Evidence. New Trial.*

Upon a petition under Gen. Laws, 1909, cap. 297, § 3, for leave to file a motion for new trial in the Superior Court on the ground of newly discovered evidence, affidavits considered and none going to the merits of the controversy;

some being of an impeaching character, and others inadmissible in evidence, the petition will be dismissed.

PETITION under Gen. Laws, 1909, cap. 297, § 3.　Dismissed.

DUBOIS, C. J.　This is the defendant's petition for leave to file a motion for a new trial in the Superior Court, and reads as follows: "The defendant in the above entitled cause, Mardiros M. Stone, of the City and County of Providence, in the State of Rhode Island, being aggrieved by the decision of the Superior Court sitting in and for the counties of Providence and Bristol, wherein a verdict rendered in favor of said plaintiff, Susan E. Chapin, of said Providence, for the sum of $500, was sustained by said Court, and this Court having overruled the defendant's bill of exceptions and judgment having been entered thereon, now comes, and within one year after said verdict files this his petition for leave to file a motion for a new trial in said Superior Court on the ground that he has discovered new and material evidence which he had not and could not have discovered before the trial of said cause, said new evidence being set forth in affidavits to be filed herewith and in affidavits filed in this Court in said defendant's Petition for a New Trial of said case now pending in this Court, being Exceptions No. 4366, which affidavits said defendant prays may be referred to and treated as also filed in support of this petition."

It is brought under the provisions of Gen. Laws, 1909, cap. 297, § 3: "When any person is aggrieved by any order, decree, decision, or judgment of the superior court or of any probate court or town council, and from accident, mistake, unforeseen cause, or lack of evidence newly discovered, has failed to claim or prosecute his appeal, or to file or prosecute a bill of exceptions, or motion, or petition for a new trial, the supreme court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order, decree, decision, or judgment, allow an appeal to be taken and prosecuted, or a bill of exceptions or a motion for a new trial to be filed and prosecuted, upon such terms and conditions as the court may prescribe."

(1)     An examination of the affidavits of newly discovered evidence does not convince us that justice requires a revision of the case. There is not one which goes to the merits of the controversy. A large number are of an impeaching character, seeking to affect the credibility of witnesses or the character of the plaintiff. Much of the contents of the affidavits would not be admissible in evidence upon a new trial of the case if one should be had. For example, evidence that the plaintiff had been seen riding in a buggy with a certain man, at a time prior to the occurrence complained of, would have no bearing upon the question of whether the defendant assaulted the plaintiff. The attitude of the neighbors towards the parties since the trial is of no consequence. Moreover, the affidavits in favor of the plaintiff are sufficient to offset the effect of some of those for the defendant.

The defendant's petition is, therefore, denied and dismissed.

*Vincent, Boss & Barnefield,* for plaintiff.

*Edwin C. Pierce, William J. Brown,* for defendant.